IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| -vs-    ) | Case No. CR-05-220-F |
| ) | |
| MILO WILSON,    ) | |
| ) | |
| Defendant.    ) | |

**O R D E R**

Following a non-jury trial before United States Magistrate Judge Ronald L. Howland, defendant, Milo Wilson, was convicted of going upon a military reservation for a purpose prohibited by law or lawful regulation in violation of 18 U.S.C. § 1382. Judge Howland sentenced defendant to one year of probation and imposed a $500 fine and a $10 special assessment. Defendant appeals the conviction and sentence pursuant to Rule 58(g), Fed. R. Civ. P. "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Rule 58(g)(2)(D), Fed. R. Civ. P.

Defendant first contends that the court never had jurisdiction over this case. Specifically, defendant asserts that the court clerk had no record of this case or its proceedings until after the notice of appeal was filed. Although defendant was prosecuted by way of a violation notice, defendant asserts that the violation notice was never filed in the district court. Because the case was never properly initiated, defendant contends that the court did not have jurisdiction and his conviction must be vacated. The court disagrees.

Section 636 of Title 28 of the United States Code provides in pertinent part:

> Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law–
>
> * * * *
>
> (3)   the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section;
>
> (4)   the power to enter a sentence for a petty offense . . . .

3401(a) of Title 18 of the United States Code provides:

> When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district.

Under the authority of LCrR 58.1, the magistrate judges of this court, including Magistrate Judge Howland, are specifically designated to exercise the authority and jurisdiction provided by § 3401(a) to try persons of, and sentence persons convicted of, misdemeanors committed within this district.

> Section 1382 of Title 18 provides in pertinent part:
>
> Whoever, within the jurisdiction of the United States, goes upon any military . . . installation, for any purpose prohibited by law or lawful regulation . . . [s]hall be fined under this title (not more than $5000) or imprisoned not more than six months, or both.

*See*, 18 U.S.C. §§ 1382, 3571(b)(6). The offense of § 1382 is a Class B misdemeanor. *See*, 18 U.S.C. § 3559(a)(7). Class B misdemeanors are defined as petty offenses. 18 U.S.C. § 19. Thus, the charged § 1382 offense was a petty offense. *See*, United States v. Rivera-Negron, 201 F.R.D. 285, 287 (D.P.R. 2001).

Consequently, Magistrate Judge Howland had the authority to conduct the trial of the § 1382 offense charged against defendant, and upon conviction, to sentence defendant, for the § 1382 offense.[1]

Federal Criminal Procedure Rule 58 governs the procedure for petty offenses.[2] Rule 58(b)(1) specifically authorizes the trial of a petty offense to proceed on a violation notice. In the instant case, a violation notice was issued. Therefore, Magistrate Judge Howland had authority to proceed with defendant's trial based upon the violation notice.

The court is not persuaded by defendant that Magistrate Judge Howland did not have jurisdiction over this matter because the violation notice was not filed in a criminal case maintained by the clerk of the court on the court's ECF system. The court has reviewed defendant's citations to certain Federal Rules of Criminal Procedure, including Rule 55, which states that "[t]he clerk must enter in the records every court order or judgment and the date of entry," and Rule 58(g)(2)(C), which states that the record on appeal from a magistrate judge's order or judgment consists of "a certified copy of the docket entries." The citations do suggest the existence of a criminal case maintained by the court clerk's office. However, the court notes that Rule 55 provides that the clerk of the court "must keep records of criminal proceedings in the form prescribed by the Director of the Administrative Office of the United States courts." Defendant has not cited to any directive from the Administrative Office as to the form of records for criminal proceedings initiated on violation notices. The court notes that the Central Violations Bureau, a division of the

---

[1] The court notes that the charged offense was committed on Tinker Air Force Base which lies with the judicial district of this court.

[2] For purposes of Rule 58, "petty offense" is as defined in 18 U.S.C. § 19. Rule 1(b)(8), Fed. R. Crim. P.

Administrative Office, is the central docketing agency and record keeper for all offenses cited with violation notices on federal enclaves.  *See*, Mary C. Warner, The Trials and Tribulations of Petty Offenses in Federal Courts, 79 N.Y.U. L. Rev. 2417, 2424 n. 31 (2004)(citing Central Violations Bureau Helps Collect Millions Each Year for Crime Victims, Third Branch, Aug. 2003); *see also*, http://www.cvb.uscourts.gov. For violation notices requiring a mandatory appearance, such as in the instant case, the CVB dockets the case for the courts.  *Id*. at 2425.  The CVB enters the disposition into its system and keeps the information for five years.  Central Violations Bureau Helps Collect Millions Each Year for Crime Victims, Third Branch, Aug. 2003.  In addition to CVB's record keeping, Magistrate Judge Howland's clerk  keeps a file which contains the violation notice and all pleadings and other documents submitted in regard to the case.  Upon the filing of a notice of appeal, such as in the instance case, a criminal case is opened and all pleadings and other documents are then attached to the notice of appeal filed in the court's ECF system.  The court has inquired informally of the other two judicial districts in Oklahoma and it appears that for violation notices, no criminal case is opened until a notice of appeal from the magistrate judge's judgment is filed.[3]  Although defendant's violation notice was not filed in an opened criminal case prior to the notice of appeal, the court is not convinced, based upon the provisions of the Federal Rules of Criminal Procedure cited by defendant, that Magistrate Judge Howland did not have jurisdiction to try and sentence defendant for the § 1382 offense.

Next, defendant contends that the evidence adduced at trial was insufficient to support his conviction under § 1382.  According to defendant, he did not enter Tinker

---

[3]Indeed, the court has been informed that no criminal case was opened by the clerk of the court for the case of U.S. v. Davis, 339 F.3d 1223 (10th Cir. 2003), which originated in the Eastern District of Oklahoma, until the notice of appeal was filed from the judgment of the magistrate judge.

-4-

Air Force Base[4] for a prohibited purpose. Instead, defendant asserts that he entered the base for his employment. Because he was on the base for his employment, defendant contends that his conviction under § 1382 must be vacated. The court again disagrees.[5]

In order to establish a violation of § 1832, defendant must have entered Tinker Air Force Base "for any purpose prohibited by law or lawful regulation." 18 U.S.C. § 1382. The requisite prohibited purpose may be the unauthorized entry onto Tinker Air Force Base itself. United States v. Hall, 742 F.2d 1153, 1154 (9th Cir. 1984); United States v. Parrilla Bonilla, 648 F.2d 1373, 1377 (1st Cir. 1981). Thus, "going upon [Tinker Air Force Base] with knowledge that such entry is unauthorized violates the statute." Hall, 742 F.2d at 1155.

Section 809a.2(a) of Title 32 of the Code of Federal Regulations provides that "Air Force installation commanders are responsible for protecting personnel and property under their jurisdiction and for maintaining order on installations." 32 C.F.R. § 809a.2(a). Section 809a.2(b) provides that "[e]ach commander is authorized to grant or deny access to their installations," and "[a]s far as practicable, they should prescribe by regulation the rules and conditions governing access to their installation." 32 C.F.R. § 809a.2(b).

---

[4]At the status conference held before Magistrate Judge Howland on July 14, 2005, the parties stipulated that the subject area of the Tinker Air Force Base involved in this case is a military installation within the jurisdiction of the United States. *See*, Transcript (doc. no. 8), pp. 18-19.

[5]The court reviews the record for sufficiency of the evidence *de novo*. United States v. Isaac-Sigala, 448 F.3d 1206, 1210 (10th Cir. 2006). The court considers only "whether, taking the evidence, both direct and circumstantial, together with the reasonable inferences to be drawn therefrom-in a light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id*. A conviction should be reversed only if "no reasonable juror could have reached the disputed verdict." *Id*. (quotation omitted).

Paragraph 2.1.1 of the Air Force Instruction 31-204 ("AFI 31-204")[6], dated July 14, 2000, provides that driving a privately owned vehicle on an Air Force installation is a privilege granted by the installation commander. Plaintiff's Exhibit 2. Paragraph 2.5.1.1 provides that the installation commander can suspend driving privileges for serious violations or when lesser measures fail to improve a driver's performance. *Id*. It also provides that the installation commander may also suspend or revoke licenses for up to 12 months if a driver continually violates parking standards, or habitually violates other standards considered non-moving in nature. *Id*. It further provides that the installation commander determines the suspension and revocation policy for non-moving violations, as well as what constitutes a non-moving violation on their installation. *Id*.

Sections 4.8.7.3 and 4.8.7.4 of the Tinker Supplement to Air Force Instruction 31-204 ("Tinker Supplement 31-204")[7], dated October 1, 1999, provide that three parking tickets within a 12 month period will result in a 30 day suspension of base driving privileges. Section 4.8.7.5 provides that four tickets will result in a 60 day suspension. Plaintiff's Exhibit 1.

On February 17, 2005, defendant received written notice from a delegate of the installation commander for Tinker Air Force Base that his privilege of operating a vehicle on the base was suspended for 30 days in accordance with AFI -31-204 and Tinker Supplement 31-204. Plaintiff's Exhibit 3. The reason for the suspension was defendant's previous citations for three non-moving violations. *Id*. In the notice, defendant was informed that he was not to operate any motor vehicle on the base from March 10, 2005 through April 9, 2005. *Id*. Upon defendant's request, a hearing was

---

[6]AFI 31-204 was established by order of the Secretary of the Air Force.

[7]Tinker Supplement 31-204 was established by order of the commander of Oklahoma City and Air Logistics Center and HQ Tinker Air Force Base.

held on March 7, 2005, in regard to the suspension. The suspension was upheld. *Id*. Due to a fourth non-moving violation, the suspension of defendant's driving privilege was increased from 30 to 60 days. *See*, Transcript ("Tr."), p. 47, ll. 13-21, p. 48, ll. 13-21; Plaintiff's Exhibit 3. Defendant's car decal, which shows authorization for defendant to drive on the base, was removed on March 24, 2005. *Id*., p. 34, ll. 13-18; p. 47, ll. 11-16, p. 51, ll.24-25.

On April 3, 2005, the chief of the reports and analysis section of the Security Forces[8] received information from one of defendant's co-workers that defendant was driving on and off the base. *See*, Tr., p.42, ll. 10-11; p. 43, ll. 22-23. The information was then forwarded to the investigation section of the Security Forces. The investigative team found defendant's vehicle and took pictures of it. *Id*., p. 44, ll. 3-4; p. 54, ll. 16-18. The vehicle had a newly-issued decal on it. *Id*., p. 56, ll. 9-22. The investigative team did not know how the decal for defendant's vehicle had been obtained, since defendant's driving privileges had been revoked. *Id*., p. 56, ll. 19-22. The next day, April 4, 2005, they returned to the same location where the vehicle had been located the previous day but defendant's vehicle was not there. *Id*., p. 54, ll. 19-20. A search was conducted and the vehicle was found in a different parking lot. *Id*., p. 54, ll. 20-22. The investigative team had information as to defendant's work schedule and waited for defendant to come off duty. When defendant got into his vehicle and drove away from the parking lot, he was stopped. *Id*., p. 55, ll. 1-3, p. 57, ll. 12-22. A violation notice, bearing number R2177491, citing defendant for violation of 18 U.S.C. § 1382, was thereafter issued. *Id*., p. 51, ll. 4-16.

The court concludes that taking the recited evidence, together with the reasonable inferences to be drawn therefrom, in a light most favorable to the

---

[8]The role of the Security Forces is to enforce laws, rules, regulations governed by the Air Force Instructions. Tr., p. 32, l. 25, p. 33, ll. 1-3.

government, a reasonable jury (or judge) could find defendant guilty of violation of § 1382 beyond a reasonable doubt. Although there is no direct evidence in the record that defendant drove onto the base, it reasonable to infer from the circumstantial evidence presented that defendant did in fact drive onto the base, knowing that his driving privileges had been revoked.

Finally, defendant contends that Magistrate Judge Howland erred in sentencing defendant to pay a fine of $500.00. Citing to United States v. Lee, 957 F.2d 770, 774 (10th Cir. 1992), defendant asserts that the fine is neither "reasoned or reasonable." In addition, defendant contends that Magistrate Judge Howland failed to give adequate reasons for imposition of the fine and that the fine, as imposed, is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

Because defendant did not object to the imposition of the fine at sentencing, the court must accept Magistrate Judge Howland's decision absent plain error. United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir. 1994). Under the plain error standard, the court does not review Magistrate Judge Howland's factual findings relating to sentencing, but will review for "articularly egregious" or "obvious and substantial legal error," if the court's failure to consider the asserted error would result in a "miscarriage of justice." *Id*. After careful review of the record on that basis, the court does not find plain error.

It is clear that Magistrate Judge Howland did consider the factors set forth in § 3553(a)(2). He provided information as to the nature and circumstances of the offense of which defendant was convicted, defendant's history and characteristics, the need for the sentence imposed (to promote respect for the law and to provide defendant with correctional assistance), and the kinds of sentences available. He also noted that there were no victims of defendant's offense and therefore restitution was not an issue. *See*, Tr., p. 83, ll. 6-25, p. 84, ll. 1-25, p. 85, ll. 1-25; p 86, ll. 1-19. The

presentence report indicated that defendant did not have the ability to pay a fine. Magistrate Judge Howland found, however, that while defendant had some obligations that were substantial, he also had a reasonably good income from Tinker Air Force Base. *Id.* p. 84, ll. 8-10. The maximum fine for defendant's offense was $5000. Magistrate Judge Howland imposed a fine of only $500.[9] *Id.*, p. 86, ll. 8-9. The court concludes that Magistrate Judge Howland's explanation for the sentence satisfied the requirements of § 3553(a) and comported with the goals of sentencing as set forth in that section. The court also concludes that the imposition of the $500 fine was not greater than necessary to satisfy the purposes of § 3553(a)(2).

Based upon the foregoing, the conviction and sentence of defendant, Milo Wilson, is **AFFIRMED**.

Dated October 24, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0220p003(pub).wpd

---

[9] The court cannot but notice that the penalties faced by the defendant in the present case may be significantly lighter than the penalties he might have faced if the plaintiff had elected to prosecute – and could have proven – a case based on the presence of the newly-issued decal. But that is not this case.